**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Filing Date: 8/11/13                                                                                    Docket #:

Debtor: **Clark, William Robert**                                                      Co-Debtor:

SS#: **1585**                                                                                          SS#:

Address: **726 Spring Street**                                                          Address:

**Winchendon, MA  01475**                                                          ,


Debtor's Counsel:

**Law Office of Robert W. Kovacs, Jr.**
**172 Shrewsbury Street**
**Worcester, MA  01604**

**(508) 926-8833**
**(508) 459-1723**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING OR IF THIS IS AN AMENDED PLAN THIRTY DAYS (30) AFTER THE FILING OF THE AMENDED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Docket#:

DEBTORS: (H) **Clark, William Robert**     SS# **1585**
          (W)     SS#

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ 960.**00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☒ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

The Debtor needs the additional time to pay secured claims.

☐ ___ Months. The Debtor states as reasons therefore:

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| | **Mortgage account** | |
| **Carrington Mortgage Se** | | 25,000.00 |
| | **Installment account / Car Loan** | |
| | This car loan will be paid in full over the life of the plan. The creditor is to be paid $7,683 in principle plus interest at a rate of 1% annually or $196.80 over the life of this plan. | |
| **Credit Acceptance** | The creditor may have a claim for unpaid contractually due interest, in which event the creditor may file an unsecured claim for this amount and if allowed receive a distribution from the unsecured POT for that amount. | |
| | | 7879.80 |
| | **Installment account / Car Loan** | |
| | This car loan will be paid in full over the life of the plan. The creditor is to be paid $5,921 in principle plus interest at a rate of 1% annually or $151.60 over the life of this plan. | |
| | The creditor may have a claim for unpaid contractually due interest, in which event the creditor may file an unsecured claim for this amount and if allowed receive a distribution from the unsecured POT for that amount. | |
| **Santander Consumer Usa** | | 6,072.60 |

Total of secured claims to be paid through the Plan: $ 38,952.40

B. Claims to be paid directly to creditors:

Creditor      Description of Claim
**None**

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the plan are _____.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | Income Tax Arrears | 6,000 |
| Mass. Dept. of Revenue | Income Tax Arrears | 3,500 |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims to Be Paid Through the Plan: $ 9,500.**00**

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ 2,911.**00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:
**\*THIS IS A POT OR POOL PLAN: Unsecured creditors are to be paid pro-rata from the total of all funds paid into this plan (the "POT"). The dividend listed is for informational purposes only. The actual dividend paid may be higher or lower than that listed.**

*The general unsecured creditors shall receive a dividend of 2.4% of their claims.

A. General unsecured claims: $ **19,670.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:
Claims listed in this subsection are generally non-dischargeable. Debtor may seek a determination from the Court that the claims listed here are dischargeable. Listing of a claim under this subsection does not and should not be construed as Debtor(s) admission that these claims are non-dischargeable.

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ **19,670.00**

D. Multiply total by percentage**:** $ 475.**00**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ **0.00**

VI. OTHER PROVISIONS:

1.**THIS IS A POT OR POOL PLAN: Unsecured creditors are to be paid pro-rata from the total of all funds paid into this plan (the "POT"). The dividend listed is for informational purposes only. The actual dividend paid may be higher or lower than that listed.**

**2. Holders of judicial liens that may be avoided under section 522(f) or other code section have been treated in this plan as unsecured. Said holders of judicial liens shall receive a pro-rata distribution from the unsecured POT of funds. As allowed by further order of the Court such liens shall be voided under the bankruptcy code.**

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

1. The collateral of the secured credit card with TD Bank is being surrendered to the bank. TD Bank may file an unsecured claim and take part in the distribution to unsecured creditors.

VII. CALCULATION OF PLAN PAYMENT:

a. Secured claims (Section I-A Total):                                             $       38,952.40
b. Priority claims (Section II-A & B Total):                                       $        9,500.**00**
c. Administrative claims (Section III-A & B Total):                                $        2,911.**00**
d. Regular unsecured claims (Section IV-D Total): +                                $          475.**00**
e. Separately classified unsecured claims:                                         $            0.00
f. Total of a + b + c + d + e above:                                               $       51,838.40
g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan:              $       57,598.23
     (This represents the total amount to be paid into the Chapter 13 Plan)
h. Divide (g) Cost of Plan by Term of Plan: **60** months
i. Round up to nearest dollar: Monthly Plan Payment:                               $          960.**00**
                                                                     (Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **726 Spring Street** | **310,249.00** | **210,329.00** |

Total Net Equity for Real Property:      $      99,920.00
Less Total Exemptions (Schedule C):      $      99,920.00
Available Chapter 7:                     $           0.00

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|

| | | | |
|---|---:|---:|---:|
| **2001 Ford F350 -- 140,000 miles - value from NADA** | 5,450.00 | 7,683.00 | 0.00 |
| **2007 Ford F350 - 180,000 miles - value from NADA** | 9,400.00 | 5,921.00 | 7,500.00 |

| | | |
|---|---|---:|
| Total Net Equity: | $ | **3,479.00** |
| Less Total Exemptions (Schedule C): | $ | **3,479.00** |
| Available Chapter 7: | $ | **0.00** |

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

| | | |
|---|---|---:|
| Total Net Value: | $ | **16,185.00** |
| Less Exemptions (Schedule C): | $ | **16,185.00** |
| Available Chapter 7: | $ | **0.00** |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **500.00**.

Less cost of administration of Chapter 7 estate at 5%

Total amount due under liquidation analyses:  **$475.00**

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

| | |
|---|---|
| */s/ Robert W. Kovacs, Jr.* | **August  8, 2013** |
| Debtor's Counsel | Date |

Attorney's Address:
**Law Office of Robert W. Kovacs, Jr.
172 Shrewsbury Street
Worcester, MA  01604**

Tel. # **(508) 926-8833**              Email Address: **Robert@RKovacsLaw.com**


I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

| | |
|---|---|
| */s/ William Robert Clark* | **August  8, 2013** |
| Debtor | Date |
| | **August  8, 2013** |
| Debtor | Date |